Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336.2810
Facsimile: (212) 226.2222
Email: pcharvey@pbwt.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/13
```

*Attorneys for Plaintiffs Soundview Elite LTD.,
and Vanquish Fund Ltd.*

------------------------------- x :  UNITED STATES DISTRICT COURT
                                  :  SOUTHERN DISTRICT OF NEW YORK
                                  :
SOUNDVIEW ELITE LTD., and         :
VANQUISH FUND LTD.,               :
                                  :
              Plaintiffs,         :  Civil Action No. 13 cv 06895 (AT)
                                  :
         -against-                :  **ORDER TO SHOW CAUSE WITH**
                                  :  ~~[PROPOSED]~~ **TEMPORARY**
GERTI MUHO and LEVERAGED          :  **RESTRAINING ORDER FOR A**
HAWK, INC.                        :  **PRELIMINARY INJUNCTION, ORDER OF**
                                  :  **ATTACHMENT, AND ORDER**
              Defendants.         :  **PERMITTING EXPEDITED DISCOVERY**
------------------------------- x

THIS MATTER HAVING BEEN OPENED TO THE COURT upon the accompanying Summons and Complaint of Plaintiffs Vanquish Fund Ltd. and Soundview Elite Ltd. ("The Funds") and the attached exhibits, the Affidavits of Floyd Sunders and Jane Metcalf, Esq., both sworn to on October 9, 2013, the Certification of Peter C. Harvey, Esq., sworn to on October 11, 2013, and the accompanying Memorandum of Law submitted in support of this Order; and for good cause shown,

AND, Plaintiffs having moved by this Order to Show Cause, pursuant to New York Civil Practice Law and Rules Section 6201 *et seq.* and Rules 64 and 65 of the Federal Rules of Civil Procedure, for an order freezing of the Defendants' assets and for and order of attachment and limited expedited discovery; and

IT APPEARING that Plaintiffs are entitled to possession of assets in the amount of $2,067,337.24 (the "Assets") by virtue of the facts set forth in the aforementioned Complaint, Affidavits of Floyd Sunders and Jane Metcalf, and exhibits thereto, that the Assets are wrongfully held by the Defendants, and that there is probable cause to believe that at least some of the Assets are held at Citibank, the location specified in the Affidavit of Floyd Saunders, and that unless an order freezing the Assets is granted thereby preserving the *status quo*, it is probable that the Assets will become unavailable by reason of being transferred, concealed, dispersed, disposed of, removed from the state, or depleted; IT IS HEREBY

ORDERED, that the Defendants Gerti Muho and Leveraged Hawk, Inc. appear before this Court in Courtroom 15D of the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on October 22, 2013, at 3 o'clock p.m., or as soon thereafter as counsel can be heard, to show cause why this Court should not, pursuant to Rule 65 of the Federal Rules of Civil Procedure, issue a preliminary injunction, pending the final hearing and determination of this action, enjoining and restraining Defendants, their agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, including Citibank, from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, including documents authenticating the Assets and documents revealing the location of

the Assets, in any medium such information may be kept, filed or stored, except upon direction of the Sheriff or pursuant to an order of this Court; and it is further

ORDERED, that pending the hearing and determination of the motion for preliminary injunction, Defendants, any of their agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, including Citibank (together, the "Asset Restrained Parties") are temporarily enjoined and restrained from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, or from permitting the Assets to become subject to a security interest or lien, except as otherwise provided in this Order; and it is further

ORDERED, that Defendants should show cause why this Court should not, pursuant to Federal Rule of Civil Procedure ("FRCP") 64 and New York Civil Practice Law and Rules ("CPLR") Section 6201 *et seq.*, direct the Sherriff of New York County to levy, pursuant to CPLR 6214, upon any funds, property, investments, and assets owned by Defendants, or any person or entity that has control, interest, signature authority, relationship, or influence upon any such funds, including but not limited to any funds, property, securities, or assets held at Citibank, including in Account No. 20563125, up and until the amount of $2,067,337.24, of which shall be delivered to the Sherriff, and it is further

ORDERED, that within 3 business days of the entry of this Order, Plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $~~500~~ 10,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order, and that such undertaking, in the form of check or cash, shall be held in an interest-bearing account; and it is further

3

ORDERED, that service of this Order, together with copies of the papers in support thereof, shall be made, ~~within 5 business days of the undersigned date~~ by October 21, 2013, on the Defendants (but in any event, not in advance of the execution of any Order entered by this Court attaching and/or freezing the Assets); and it is further

ORDERED, that the Defendants are hereby put on notice that failure to attend the Show Cause Hearing scheduled herein shall result in the immediate issuance and confirmation of the preliminary injunction and that the failure of the Defendants to respond to the Order to show cause by the allotted time shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Defendants in violation of its terms may be considered and prosecuted as contempt of this Court; and it is further

~~ORDERED, that answering papers, if any, must be personally served on Plaintiffs' counsel, Peter C. Harvey, Esq., Patterson Belknap Webb & Tyler LLP, at the firm's offices located at 1133 Avenue of the Americas, New York, New York 10036, on or before ____, 2010, at ____ .m.; and it is further~~

~~ORDERED, that Defendant Muho shall appear for deposition on November ___, 2013 and that Plaintiff may serve interrogatories and document requests on Muho, which interrogatories shall be answered and documents produced no later than 10 days prior to the deposition; and it is further~~

ORDERED, that Defendants should show cause why Plaintiffs may not serve limited expedited non-party discovery on banks and financial institutions, including but not limited to

Citibank, located in New York where defendants may hold assets or have transacted business, as detailed in the accompanying memorandum of law.

DATED: New York, New York
October 16, 2013

Issued at 11:27a .m.

_____
United States District Judge