**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SOUNDVIEW ELITE LTD., and VANQUISH FUND LTD., | : |
| | : |
| | : |
| Plaintiffs, | :   Civil Action No. 13-cv-6895 |
| | : |
| -against- | : |
| | : |
| GERTI MUHO and LEVERAGED HAWK, INC. | : |
| | : |
| | : |
| Defendants. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION


Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone:  (212) 336.2810
Facsimile:  (212) 226.2222
pcharvey@pbwt.com

*Attorneys for Plaintiffs Soundview Elite LTD.*
*and Vanquish Fund Ltd.*

## TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................1

FACTS ..............................................................................................................................1

ARGUMENT ..................................................................................................................4

I.     The Motion to Dismiss is Invalid Because Muho Cannot Represent
Leveraged Hawk *Pro Se* .........................................................................................4

II.    There is Complete Diversity of Citizenship Among the Parties.........................5

       A.     Plaintiffs are Citizens of the Cayman Islands and New York. ...............6

       B.     Defendant Leveraged Hawk is a Citizen of Delaware............................6

       C.     Defendant Muho is a Citizen of Florida. .................................................7

       D.     Plaintiffs' Pleading Regarding Muho's Perceived New York Residence
Does Not Require Dismissal Where, As Here, the Record Shows All Parties
Were Actually Diverse at the Time the Complaint was Filed. ................8

CONCLUSION.................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

CASES

*Chappelle v. Beacon Commc'ns. Corp.*,
  863 F. Supp. 179 (S.D.N.Y. 1994) .....................................................................................11

*Dow Chem. Pac., Ltd. v. Rascator Mar. S.A.*,
  782 F.2d 329 (2d Cir. 1986).................................................................................................8

*Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*,
  565 F.3d 56 (2d Cir. 2009)................................................................................................13

*Fraass Survival Sys., Inc. v. Absentee Shawnee Econ. Dev. Auth.*,
  817 F. Supp. 7 (S.D.N.Y. 1993)...........................................................................................8

*Grenawalt v. AT&T Mobility, LLC*,
  937 F. Supp. 2d 438 (S.D.N.Y. 2013)..................................................................................8

*In re Soundview Elite, Ltd.*,
  503 B.R. 571 (Bankr. S.D.N.Y. 2014) ...............................................................................10

*Kubin v. Miller*,
  801 F. Supp. 1101 (S.D.N.Y. 1992) ...................................................................................11

*Liem v. Ackerman*,
  No. 10...................................................................................................................................12

*Macchia v. Pathmark Stores, Inc.*,
  No. 02 cv 8595 (MBM), 2003 U.S. Dist. LEXIS 686 (S.D.N.Y. Jan. 16, 2003) ....................11

*Mackason v. Diamond Fin. LLC*,
  347 F. Supp. 2d 53 (S.D.N.Y. 2004)...................................................................................11

*Mavrommatis v. Carey Limousine Westchester, Inc.*,
  476 Fed. Appx. 462 (2d Cir. 2011)...........................................................................9, 10, 13

*Palazzo ex rel, Delmage v. Corio*,
  232 F.3d 38 (2d Cir. 2000)..................................................................................................11

*Universitas Educ., LLC v. Nova Group, Inc.*,
  513 Fed. Appx. 62 (2d Cir. 2013) ...................................................................................9, 10

*US Foods, Inc. v. 587 Rest. Corp.*,
  No. 13.....................................................................................................................................8

## TABLE OF AUTHORITIES
(continued)

Page(s)

**STATUTES**

28 U.S.C. 1332(a) ....................................................................................................9

28 U.S.C. § 1332(c)(1) ..........................................................................................10

Title 28, United States Code, Section 1332 ...............................................9, 10, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(a)(1)(A) ......................................................................................8

Fed. R. Civ. P. 12(b) ................................................................................................8

Fed. R. Civ. P. 12(h)(1) .........................................................................................13

Rule 12 ...................................................................................................................13

Rule 12(b)(1) ............................................................................................................8

## PRELIMINARY STATEMENT

In a delayed, last-ditch effort to dodge liability for his blatant theft of over $2 million, Defendant Gerti Muho moves on behalf of Defendant Leveraged Hawk, Inc. to dismiss Plaintiffs' Complaint alleging that this Court lacks diversity jurisdiction.  But Muho, a non-attorney, ignores two key points: (1) that he cannot represent the corporation *pro se* and (2) that the parties hail from different states: Plaintiffs from the Cayman Islands and New York, and Defendants from Delaware and Florida.  Significantly, a finding that Plaintiffs are New York citizens does not give Muho's motion any substance as Muho's own statements show that neither he nor Leveraged Hawk was a New York citizen when Plaintiffs filed their Complaint.  This Court therefore has jurisdiction over this matter and the instant motion should be denied.

## FACTS

Plaintiffs Soundview Elite, Ltd. and Vanquish Fund, Ltd.  are foreign corporations organized under the laws of the Cayman Islands and located at dms Corporate Services Ltd., dms House, 20 Genesis Close, Grand Cayman KY-1108.  (Declaration of Peter C. Harvey, Esq. (hereinafter "Harvey Dec."), ¶ 2.)

Defendant Gerti Muho is a former employee of Plaintiffs whose employment relationship was terminated by May 10, 2013.  (Affidavit of Floyd Saunders, Filed Oct. 16, 2013 (hereinafter "Saunders Aff."), ¶¶ 8, 11, Exs. E, G).  On August 14, 2013, without any authorization or legal right whatsoever, Muho transferred $2,067,377.24 from Soundview's HSBC bank account to the Citibank Account of Defendant Leveraged, Hawk, Inc. ("Leveraged Hawk").  (Saunders Aff., ¶¶ 22, 24, Ex. O.)   He then went on a lavish spending spree, purchasing a Maserati and gambling at the Borgata Hotel Casino and Spa.  (Declaration of Ethan Krasnoo, Filed Oct. 16, 2013, Ex. A.) Leveraged Hawk, a corporate entity that Muho owns and controls, was formed under the laws of the State of Delaware on April 29, 2013.  (Saunders Aff., ¶ 10, Ex. F; Harvey Dec., ¶ 3, Ex. A.)

It is registered as a *foreign* corporation with the New York Department of State, but maintains no office or employees and conducts no business in the State.  (Harvey Dec., ¶ 4, Ex. B.)

On July 25, 2013, Muho filed a complaint in the United States District Court for the Northern District of California on behalf of Leveraged Hawk, in which he stated that he resided in Berkley, California and provided an address 2428 Sacramento Street.  (Harvey Dec., ¶ 5, Ex. C.)  In that complaint, Muho further stated that Leveraged Hawk "is located at Suit[e] 100 at 1679 S. DuPont Hwy. in the City of Dover in the State of Delaware."  (Harvey Dec., ¶ 5, Ex. C.) On August 9, 2013 United States Magistrate Judge Kandis A. Westmore filed an Order dismissing the complaint, *sua sponte*, on the grounds that Muho was not an attorney licensed to practice law in the Northern District of California and could not represent Leveraged Hawk *pro se*. (Harvey Dec., ¶ 6, Ex. D.)

On September 19, 2013, Plaintiffs wrote to Muho at his alleged Berkley address demanding return of the $2,067,377.24 stolen from Soundview's account. (Harvey Dec., ¶ 7, Ex. E.)  On September 20, 2013, Plaintiffs e-mailed a copy of the same letter to Muho at gm@gmcapitalmanagement.com.  (Harvey Dec., ¶ 8, Ex. F.)  Muho responded by e-mail the following day, requesting that all future correspondence be sent to the aforementioned e-mail address. (Harvey Dec., ¶ 9, Ex. G.)  In that e-mail, Muho also provided the following addresses for himself and/or an organization called GM Capital Management, Inc.: 42 Broadway, 36th New York, New York and 1 Market St. 3600, San Francisco, California.  (Harvey Dec., ¶ 9, Ex. G.)  These addresses were in addition to those he had previously provided to Plaintiffs during the course of his employment and at which he was known to reside, at least temporarily: 20 Exchange Place, Number 4504 in New York, New York and/or 6031 Grove Street in Ridgewood, New York.  (Harvey Dec., ¶ 10.)

On September 27, 2013, Plaintiffs commenced this action for conversion and unjust enrichment against Muho and Leveraged Hawk seeking return of the stolen funds and damages resulting from the unlawful taking.  (Complaint, ¶¶ 35-44.).  Having reason to believe that the various addresses provided by Muho were false, Plaintiffs alleged in their Complaint that Muho was a New York resident having an address at 20 Exchange Place, Number 4504, New York, New York 10005. Complaint, ¶ 2.)  On October 2, 2013, Plaintiffs' suspicions regarding the addresses provided by Muho were confirmed when an elderly couple, after receiving court papers related to litigation involving Muho, contacted Plaintiffs' counsel and stated that they had resided at 2428 Sacramento Street in Berkley, California for nearly 30 years and had never heard of Muho.  (Harvey Dec., ¶ 11.)  This information revealed that Muho had filed a false pleading in federal court in California.  (Harvey Dec., ¶ 12.)

Unbeknownst to Plaintiffs, however, Muho had established his domicile in the State of Florida by the time the Complaint was filed. (Harvey Dec., ¶ 13; "Defendants Affidavit No. 03: GM Threatened Away from New York and Sued Ex Parte Under False Oaths," (hereinafter "Def.'s Aff. No. 3."), ¶¶ 2, 3, 6)  In an affidavit filed with this Court on February 28, 2014, Muho stated that he moved to Florida in June 2013 and continues to reside there in an "intentional boycott" of New York City.  (Def.'s Aff. No. 3 at ¶ 2, 3, 6). Credit records showing numerous purchases made by Muho in the State of Florida, including for heating and/or plumbing services, the week of September 27, 2013 corroborate that he was in the State of Florida when the Complaint was filed. (Harvey Dec., ¶ 14, Ex. H.)

Muho previously confirmed his status as a Florida domiciliary before another federal court. (Harvey Dec., ¶ 15, Ex. I.)  On February 14, 2014, Muho filed a complaint in the United States District Court for the Southern District of Florida against approximately 46 individuals

and entities, including Plaintiffs' counsel, alleging violations of the Sherman, Clayton and Civil Rights Acts.  (Harvey Dec., ¶ 15, Ex. I.)  In that complaint, Muho stated that he "resides in Miami Florida" at 1100 Biscayne Blvd., 5303.  On February 18, 2014, the Honorable K. Michael Moore filed an Order dismissing the complaint, *sua sponte*, as "incoherent and incomprehensible." (Harvey Dec., ¶ 16, Ex. J, Docket Entry No. 8.)

## ARGUMENT

### I.     The Motion to Dismiss is Invalid Because Muho Cannot Represent Leveraged Hawk *Pro Se*

A corporation cannot litigate in a federal court unless represented by a duly licensed attorney.  *See, e.g.*, *US Foods, Inc. v. 587 Rest. Corp.*, No. 13 civ. 7151 (KBF), 2014 U.S. Dist. LEXIS 36321, at *1 (S.D.N.Y. March 13, 2014) (*citing Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *Grenawalt v. AT&T Mobility, LLC*, 937 F. Supp. 2d 438, 459 (S.D.N.Y. 2013); *Fraass Survival Sys., Inc. v. Absentee Shawnee Econ. Dev. Auth.*, 817 F. Supp. 7, 8 (S.D.N.Y. 1993).  Consistent with that principle, the Second Circuit has held that a district court may not grant a motion of an unrepresented corporate party. *See, e.g., Dow Chem. Pac., Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (holding that the district court "could not properly have granted Rascator's [the defendant corporation's] cross-motion to set aside the default because Rascator still had not caused new counsel to appear for it.").  Here, Leveraged Hawk has never had counsel appear on its behalf in this litigation.  Rather, Muho, a non-attorney, attempts to represent Leveraged Hawk *pro se*.  The motion should be denied on that basis alone.[1]

---

[1] This motion is also woefully untimely.  The Federal Rules of Civil Procedure contemplate that a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) must be filed within the window for serving a responsive pleading.  *See* Fed. R. Civ. P. 12(b) (noting that a motion to dismiss based on lack of subject matter jurisdiction must be made before a responsive pleading).  Muho's time to answer the Complaint expired well over four months ago.  *See* Fed. R. Civ. P. 12(a)(1)(A).

**II.      There is Complete Diversity of Citizenship Among the Parties.**

In addition to the procedural defects identified, the instant motion fails on the merits

because the parties to the action are, in fact, diverse within the meaning of Title 28, United States

Code, Section 1332.  Federal courts have subject matter jurisdiction over any civil action where

the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between

the parties. *See* 28 U.S.C. 1332(a); *Universitas Educ., LLC v. Nova Group*, *Inc*., 513 Fed. Appx.

62, 63 (2d Cir. 2013).  "[A] plaintiff premising federal jurisdiction on diversity of citizenship is

required to include in its complaint adequate allegations to show that the district court has

subject matter jurisdiction." *Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 Fed. Appx.

462, 466 (2d Cir. 2011).  However,

> where the facts necessary to the establishment of diversity
> jurisdiction are subsequently determined to have obtained all
> along, a federal court may . . . allow a complaint to be amended to
> assert those necessary facts. . . . Or when the record as a whole, as
> supplemented, establishes the existence of the requisite diversity of
> citizenship between the parties, we may simply deem the pleadings
> amended so as to properly allege diversity jurisdiction.

*Id.* (internal citations and quotation marks omitted).

Here, Section 1332's requirement of complete diversity is met as Plaintiffs are foreign

citizens incorporated in the Cayman Islands while Leveraged Hawk and Muho are citizens of

Delaware and Florida, respectively.  Defendant's motion places great weight on the recent

finding by the United States Bankruptcy Court for the Southern District of New York that the

Plaintiff has a principal place of business in New York.  (Def.'s Motion, 2.)  But that finding is

of no moment as neither Defendant was a citizen of New York when the complaint was filed.

That Plaintiffs' complaint initially placed Muho's residence in New York, an error born out of

Muho's own inconsistent and misleading assertions regarding his whereabouts, is similarly

inconsequential as the record demonstrates that Muho was indeed a Florida citizen at all relevant points during this litigation. *See Mavrommatis*, 476 Fed. Appx. at 466.

### A.     Plaintiffs are Citizens of the Cayman Islands and New York.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Universitas Educ., LLC*, 513 Fed. Appx. at 63.  Both Plaintiffs Soundview Elite, Ltd. and Vanquish Fund, Ltd. are organized under the laws of the Cayman Islands and are located at dms Corporate Services Ltd., dms House, 20 Genesis Close, Grand Cayman KY-1108.  Subsequent to the filing of Plaintiffs' complaint, the court in *In re Soundview Elite, Ltd.*, 503 B.R. 571 (Bankr. S.D.N.Y. 2014) concluded, for purposes of the Bankruptcy Code, that Plaintiffs' principal place of business is 48 Wall Street, New York, New York.  But even assuming that Plaintiffs are New York citizens, this Court retains subject matter jurisdiction because, as shown more fully below, both Defendants were and are citizens of different states.

### B.     Defendant Leveraged Hawk is a Citizen of Delaware.

As noted, a corporation is a citizen of its place of incorporation and of the state in which it maintains its principal place of business. 28 U.S.C. § 1332.  Leveraged Hawk was incorporated under the laws of the State of Delaware on April 29, 2013.  (Saunders Aff., ¶ 10, Ex. F; Harvey Dec., ¶ 3, Ex. A.)  Moreover, in a complaint that Muho filed on July 2013 in the United States District Court for the Northern District of California—one of two vexatious federal lawsuits commenced by Muho that were promptly dismissed as meritless—Muho stated that Leveraged Hawk "is located at Suit[e] 100 at 1679 S. DuPont Hwy. in the city of Dover in the State of Delaware."  (Harvey Dec., ¶ 5, Ex. C.)  Accordingly, Leveraged Hawk is a Delaware citizen.

In his opening papers filed in support of this motion, Muho contends that Leveraged Hawk is a citizen of the State of New York as based on the records of the New York Department of State. (Def.'s Motion, 1.)  But those records state that Leveraged Hawk is registered as a *foreign* business corporation with an agent to which the Department of State will mail service of process. (Harvey Dec., ¶ 4, Ex. B).  These facts that do not confer corporate citizenship under 28 U.S.C. § 1332 and well-settled federal jurisprudence:  In determining where a corporation maintains its principal place of business, courts look to its "nerve center," where its officers "direct, control and coordinate all activities." *Macchia v. Pathmark Stores, Inc.*, No. 02 cv 8595 (MBM), 2003 U.S. Dist. LEXIS 686, at *2 (S.D.N.Y. Jan. 16, 2003) (internal quotation marks omitted); *see also Kubin v. Miller*, 801 F. Supp. 1101 (S.D.N.Y. 1992).  Here, nothing in the record shows that Leveraged Hawk maintains any presence whatsoever, let alone a "nerve center," in the State of New York.  Indeed, Muho has not presented any credible evidence—nor could he—that Leveraged Hawk maintains an office, has employees, has a legitimate phone number, or operates in any legitimate capacity within this State.  Leveraged Hawk, therefore, does not share New York citizenship with Plaintiffs.  To the contrary, Muho's filing with the Department of State confirms that Leveraged Hawk is "foreign" to New York.

### C.      Defendant Muho is a Citizen of Florida.

"[W]ith respect to individual parties, citizenship for diversity purposes depends upon their places of domicile." *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (internal quotation marks omitted).  Domicile, in turn, is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel, Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *see also Chappelle v. Beacon Commc'ns. Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994) (stating that domicile is determined by a "party's physical presence in the state" and his or her "intent to

7

remain in that state indefinitely."). It is "assessed as of the time an action is commenced." *Liem v. Ackerman*, No. 10 civ. 9187 (KEF), 2012 U.S. Dist. LEXIS 10337, at *4 (S.D.N.Y. Jan. 25, 2012).

Here, according to his own statements in various court filings, Muho created a fixed home in Florida by June 2013 and has maintained a substantial physical presence in that State through the present. In Defendant's Affidavit No. 03, filed in support of his "Emergency Motion to Dissolve TRO Issued Ex Parte on 10/22/2013," Muho states that he moved to Florida in June of 2013 where he "now reside[s]" and is "intentionally boycott[ing] New York City. (Def.'s Aff. No. 3, ¶¶ 2, 3). Moreover, in a lawsuit filed in the United States District Court for the Southern District of Florida on February 14, 2014 and subsequently dismissed by the Court as "incoherent and incomprehensible," Muho stated that he "resides in Miami Florida." (Harvey Dec., ¶¶ 15, 16, Exs. I, J.) Muho's credit card account records corroborate his assertions of Florida residence, indicating numerous purchases—including for heating and/or plumbing services—made in Florida during the week of September 27, 2013, the date on which the Complaint was filed. (Harvey Dec., ¶ 14, Ex. H.) As Muho was domiciled in Florida as of the Complaint's filing, he does not share citizenship with Plaintiffs.

   **D.    Plaintiffs' Pleading Regarding Muho's Perceived New York Residence Does Not Require Dismissal Where, As Here, the Record Shows All Parties Were Actually Diverse at the Time the Complaint was Filed.**

When Plaintiffs filed their complaint, reliable information about Muho's whereabouts was entirely lacking. By October 2013, Muho himself had claimed to either reside and/or maintain a business at numerous addresses on both coasts, including: (a) 2428 Sacramento Street, Berkley, California; (b) 1 Market Street, San Francisco California; and (c) 42 Broadway, New York, New York. (Harvey Dec., ¶¶ 5, 8, Exs. C, F.) Moreover, Plaintiffs had reason to believe that Muho continued to live at the home he purportedly maintained at 20 Exchange

Place, New York, New York and/or 6031 Grove Street, Ridgewood, New York. (Harvey Dec., ¶10.) Muho never indicated, and Plaintiffs had no reason to suspect, that he had established a domicile in Miami, Florida, as the facts now show.[2] Thus, in drafting their Complaint, Plaintiffs determined that they could reasonably rely upon only the New York address where Muho was known to have most recently resided.

Despite Plaintiff's mistaken pleading, this Court has subject matter jurisdiction over this action. The existence of diversity jurisdiction does not hinge on the adequacy of a pleading. *See Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) ("the actual existence of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements.") (*quoting Jacobs v. Patent Enforcement Fund, Inc*., 230 F.3d 565, 568 (2d Cir. 2000)). Indeed, as noted above, "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the Court] may simply deem the pleadings amended so as to properly allege diversity jurisdiction." *Mavrommatis*, 476 Fed. Appx. at 466. Here, the record establishes that all parties were and are citizens of different states—Plaintiffs, of New York, Leveraged Hawk, of Delaware, and Muho, of Florida.

## CONCLUSION

Having stolen over $2 million and funneling the money through a shell corporation to finance lavish spending sprees, Muho now seeks to deprive Plaintiffs of any recovery of the full balance of their funds. This eleventh-hour motion is inherently flawed, however, because (1)

---

[2] Muho has subjected himself to this Court's jurisdiction by virtue of his filing of this motion. Accordingly, the Court has personal jurisdiction notwithstanding Muho's residence outside of the New York addresses at which service of process was attempted. *See* Fed. R. Civ. P. 12(h)(1) (stating that a party waives the defense of personal jurisdiction by omitting it from a motion, failing to make it by motion under Rule 12 or failing to include it in a responsive pleading).

Muho cannot represent Leveraged Hawk, the only party to which the motion relates, *pro se* and

(2) complete diversity among the parties has existed from the filing of the Complaint to the

present.  Thus, Defendants' motion should be denied and Plaintiffs' claims should continue to be

heard in this Court.

DATED: March 25, 2014

By: /s/ Peter C. Harvey
    Peter C. Harvey
    PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
    New York, New York 10036
    Phone:  (212) 336-2000
    Fax:  (212) 336-2222

    *Attorneys for Plaintiffs Soundview Elite LTD.,*
    *and Vanquish Fund Ltd.*