

| 1100 Biscayne Blvd.5303 | 41 Madison Ave. 31 Fl. | 1 Market St. 3600 |
| Miami, Florida 33132 | New York, New York 10005 | San Francisco, CA 94105 |

27 March 2014

By Electronic Case Filing & E-mail to Opposing Parties

Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
Moynihan U.S. Courthouse
500 Pearl Street, 15D Courtroom
New York, New York 10007

RE: Muho & Leveraged *v.* Soundivew & Vanquish (Plaintiffs)

Dear Judge Torres:

I am the Defendant in this action, and I write this letter in response to Mr. Harvey's letter filed 27 March 2014 with the Court about scheduling matters etc.

I am happy to oblige Mr. Harvey's request that both hearings be held 2 April 2014, 4:30pm NY time. I presume it would be to my benefit for the 12.b.1 hearing to be held separately and before the other hearings so that I am not forced to discuss topics that may expose me to later liability on the records pro-se. Plus, I'm sure Mr. Harvey, a rather forceful advocate, expects to wipe the floor with me in the courtroom, so a broader hearing can only be to his benefit. Yeah, I don't care one way or another but I am ok with both hearings being on the same day; it saves the Court's time, it saves investors' money, and it speeds things up overall.

I also want to quickly address a few things I see in Mr. Harvey's filings that make my stomach churn

First. I am finishing memorandum of law in response to Mr. Harvey's memorandum in objection of 12.b.1 dismissal highlighting:

1.  foreign citizenship is irrelevant for persons of offshore and U.S. citizenship—i.e. dual citizenships, and only U.S. citizenship is relevant, and dual citizens like Soundview Elite Ltd. and Vanquish Ltd. are U.S. citizens of the State they reside in, or New York, for all purposes, and any foreign residency allegations pled are wholly irrelevant, misleading, confusing, and possibly deceitful. Now it appears that Mr. Harvey has come to terms that he is precluded from attacking Judge Gerber's decision on whether the two entities are foreign or New York residents. But Mr. Harvey needs to stop mentioning that the entities are housed at DMS secretarial services entirely. It's offensive, misleadings, and highly deceitful. Mr. Harvey needs to stop re-litigating issues he's lost—it cost money, investors and other people's money, and it's unjust.

2.  Leveraged is a New York corporation. You don't need to be a lawyer to plead that. You don't need to be a lawyer to even know that. All you need is an internet connected computer, google and a few minutes of time to skim the government records that appear on U.S. government web-properties when one search the name of the company.

    Also I am not barred[1] so I can't represent Leveraged as a matter of course, although I can make an argument in equity that I need to represent Leveraged and one in law and equity that I can represent Leveraged since Mr. Harvey & Co. completely ignore that corporate veil when it suits them and so on. Oh, and the Judge in Oakland ruled Leveraged could not file in forma pauparis, and I would say wrongly that Gerti Muho Capital Management, a sole proprietorship registered with the SEC as the legal representative of Leveraged et al., could not act pro-se in that case. Although my legal maneuvering in attempt to gain standing in that case is also nothing to be proud of. AND

3.  that Mr. Harvey's attempts to establish jurisdiction is too little too late whereas diversity must be plead with specificity in the complaint—something that clearly wasn't done.

I'll provide the memorandum response to the Court before the hearings, so I won't delve any further on that here.

Second. Mr. Harvey should stop providing the court with personal records of mine on matters I do not dispute. It puts me at risk needlessly now and in the future. I have no doubt Mr. Harvey has access to all my records, much more than I do and that no-one disputes. He shouldn't post them all. First t's unfair to try to blush me into liability. Second I am happy to admit a lot of irrelevant bad habits of mine on the record if necessary to end the exhibits. I actually have claimed on the record in the Sherman 1

---

[1] Some say I was too busy gambling, speeding, and drunk driving and others (me) that I was too busy orchestrating a hostile takeover of Buddy's Richcourt. It's irrelevant entirely to this case.

action I am now considering filing post-edits in this very Court, as an answer etc. that I drove Texas at 140mph for long periods of time. There's no need for Mr. Harvey to continue using the hearsay he finds in gossip blogs.

Third. I respectfully ask that Mr. Harvey keep prayer and religion off his filings hereon. Mr. Harvey's firm has invested a lot in fighting me, I understand. Still I think Mr. Harvey's and his firms' prayer that I filed the 12.b.1 motion in a last ditch effort to escape liability should be kept out of his filings. That my filing aimed at establishing the Court's authority is my last ditch effort at escaping liability is something Mr. Harvey should keep private between himself and the god he prays to. To note, I have not asked the Court to dismiss the case with prejudice. Mr. Harvey can file in State court. Mr. Harvey went to the NYPD for criminal relief, not the FBI. How is it wrong to ask him to go to the right court for civil liability too. It isn't, and I don't intend to win anything on technicalities or by depriving anyone of rights or counsel. I am too good for that; and if I wasn't, I became.

So Mr. Harvey should end the prayer and other judgments he makes without basis about me. They're irrelevant and offensive. I am happy to fight the case on the merits. Also, I haven't fully read his motion yet but I notice in his letter Mr. Harvey claims I filed on behalf of Leveraged. I did not. I filed on behalf of the other defendant. The defendant Mr. Harvey himself just alleged is a resident of Florida and California, not New York. For the defendant Mr. Harvey just told the Court the Court has no jurisdiction over. Even if that defendant, or me had converted the funds 12.b.1 wouldn't be the last ditch effort. Mr. Harvey gave me the defense of pari delicto when he filed for Chapter 11 in New York, and he just forced on me the defense of 12.b.2.-12.b.5 for personal jurisdiction.

Lastly, I apologize to the Court for my first emergency motion to dissolve the TRO and other stuff that I filed as my first filings with this Court. It was a dumb motion to file since a TRO is only effective for 10 days after it is issued. I hope the Court may forgive me for I was misguided as that same TRO is being used by banks nationwide still to date to deprive me of any and all access to any money whatsoever.

Very truly yours,

Gerti Muho