**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOUNDVIEW ELITE LTD., and       :
VANQUISH FUND LTD.,       :
      :
          Plaintiffs,       :    Civil Action No. 13 cv 6895 (AT)
      :
      :
          -against-       :
      :
GERTI MUHO and LEVERAGED       :
HAWK, INC.,       :
      :
          Defendants.       :
      :
      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT AND DISMISS THIS CASE WITH PREJUDICE AS VOID

Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone:  (212) 336.2810
Facsimile:  (212) 226.2222
pcharvey@pbwt.com

*Attorneys for Plaintiffs Soundview Elite LTD.*
*and Vanquish Fund Ltd.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................................1

FACTS ..........................................................................................................................................1

ARGUMENT .................................................................................................................................5

I.  MUHO HAS FAILED TO MEET HIS BURDEN OF DEMONSTRATING VALID
     GROUNDS FOR VACATING THE DEFAULT JUDGMENT, RELYING INSTEAD
     ON ARGUMENTS THIS COURT HAS ALREADY REJECTED AND THAT HAVE
     BEEN WAIVED. .................................................................................................................5

     A.  This Court has Previously Determined That It Has Subject Matter
          Jurisdiction Because There is Complete Diversity of Citizenship Amongst
          the Parties. ................................................................................................................6

     B.  Muho Waived a Claim to Improper Service By Failing to Raise It in His
          Motion to Dismiss, and Regardless, the Claim is Without Merit. ..........................7

     C.  Muho's Arguments Based Upon Allegations of Judicial Bias, Faulty Case
          Assignment and Insufficient Affidavits In Support of Plaintiff's Application
          for a Temporary Restraining Order Are Untimely and Frivolous. .......................10

CONCLUSION............................................................................................................................13

**TABLE OF AUTHORITIES**

**Page(s)**

FEDERAL CASES

*Aetna Life Ins. Co. v. Licht*,
  2004 U.S. Dist. LEXIS 21538 (S.D.N.Y. Oct. 25, 2004) ..........................................................5

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*,
  733 F.2d 1087 (4th Cir. 1984) .............................................................................................10

*Burda Media, Inc. v. Viertel*,
  417 F.3d 292 (2d Cir. 2005).................................................................................................8

*Cent. Vt. PSC v. Herbert*,
  341 F.3d 186 (2d Cir. 2003)..........................................................................................5, 6, 7

*City of New York v. Mickalis Pawn Shop, LLC.*,
  645 F. 3d 114 (2d Cir. 2011)...............................................................................................7, 8

*Dow Chem. Pac., Ltd. v. Rascator Mar. S.A.*,
  782 F.2d 329 (2d Cir. 1986)..................................................................................................6

*Howard Johnson Int'l, Inc. v. Wang*,
  7 F. Supp. 2d 336 (S.D.N.Y. 1998) ....................................................................................9, 10

*Jaffe & Asher v. Van Brunt*,
  158 F.R.D. 278 (S.D.N.Y. 1994) ...........................................................................................9

*LoCascio v. United States*,
  473 F.3d 493 (2d Cir. 2007)................................................................................................11

*Marine Corp Cargo v. Raymur Corp*,
  1998 U.S. Dist. LEXIS 16298 (E.D.N.Y. Aug. 31, 1998)...........................................................6

*Nat'l Dev. Co. v. Triad Holding Corp.*,
  930 F.2d 253 (2d Cir. 1991)...............................................................................................8, 9

*Robinson v. Sanctuary Record Groups, Ltd.*,
  249 F.R.D. 144 (S.D.N.Y. 2008) ..........................................................................................5, 7

*Sanchez v. MTV Networks*,
  2013 U. S. App. Lexis 9226 (2d Cir. May 7, 2013).................................................................5

*Thomas v. Trustees for Columbia Univ.*,
  30 F. Supp. 2d 430 (S.D.N.Y. 1998).................................................................................11, 12

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
    162 F.3d 724 (2d Cir. 1998)...................................................................................7

*United States v. Pelt*,
    2013 U.S. Dist. LEXIS 38743 (E.D.N.Y. Mar. 18, 2013).......................................7

*United States v. Ramirez*,
    1998 U.S. App. LEXIS 30909 (2d Cir. Dec. 8, 1998)............................................11

## FEDERAL STATUTES

Title 28, United States Code, § 1332 ......................................................................6

## RULES

Fed. R. App. P. 4(a)(1)(A) ....................................................................................7

Fed. R. Civ. P. 4(e)(2)........................................................................................8, 10

Fed. R. Civ. P. 12..............................................................................................7, 8

Fed. R. Civ. P. 60(b) ......................................................................................5, 7, 11

Fed .R. Civ. P. 65(b)(1)(a) .................................................................................12

## OTHER AUTHORITIES

1-4 *Judicial Conduct and Ethics* § 4.14(2) (2013) ........................................................12

## PRELIMINARY STATEMENT

This case is closed.  Final judgment has been entered and the time to appeal has expired.  Now, Defendant Gerti Muho's has filed a Motion to Vacate Default Judgment to continue his pattern of wasting judicial resources and seeking to avoid liability for the very acts of theft he admits committing.  Gerti Muho ("Muho") recently conceded in United States Bankruptcy Court for the Southern District of New York the central factual claim asserted by Plaintiffs in this case -- that Muho took $2 million in funds from Plaintiff Soundview Elite's bank account.  Furthermore, Muho has never disputed that he used the stolen monies to fund his extravagant personal shopping sprees, including a Maserati and gambling binges in Atlantic City.  Now, presumably running low on absconded funds, Muho seeks to vacate this Court's judgment entered after a hearing at which Muho was present and afforded an opportunity to be heard.  Muho's Motion to Vacate (1) regurgitates argument already made in his Motion to Dismiss, which this Court denied for good reasons, and (2) makes frivolous arguments that Muho has waived.  The motion should be denied.

## FACTS

Plaintiffs Soundview Elite, Ltd. and Vanquish Fund, Ltd.  (the "Funds") brought this action against Muho and Leveraged Hawk, Inc. ("Leveraged Hawk") alleging conversion and unjust enrichment.  (Complaint ¶¶ 35-44.)  Defendant Gerti Muho is a former employee of Plaintiffs whose employment relationship was terminated by May 10, 2013.  (Affidavit of Floyd Saunders, Filed Oct. 16, 2013 ("Saunders Aff."), ¶¶ 8, 11, Exhibits E, G).  On August 14, 2013, without any authorization or legal right whatsoever, Muho transferred $2,067,377.24 from Soundview's HSBC bank account to the Citibank Account of Defendant Leveraged Hawk.  (Saunders Aff. ¶¶ 22, 24, Exhibit O.)  After receiving the money in his Citibank and other

accounts, Muho went on a lavish spending spree, including, among other things, purchasing a

Maserati and gambling at the Borgata Hotel Casino and Spa in Atlantic City.  (Declaration of

Ethan Krasnoo, Filed Oct. 16, 2013, Exhibit A.)

The Funds are foreign corporations organized under the laws of the Cayman

Islands and located at dms Corporate Services Ltd., dms House, 20 Genesis Close, Grand

Cayman KY-1108.  (Declaration of Peter C. Harvey, Esq., filed March 25, 2014 ("March 25,

2014 Harvey Dec.") ¶ 2.)  On February 14, 2014, Muho filed a complaint in the United States

District Court for the Southern District of Florida stating he "resides in Miami Florida."  This

Court correctly determined that Muho is domiciled in the State of Florida. (Apr. 4, 2014 Tr.

Order at 6.)

Upon review of the relevant facts, this Court held that Leveraged Hawk is

domiciled in Delaware and *not* in New York.  (Apr. 4, 2014 Tr. Order at 8-9.)  Specifically, the

Court determined that Leveraged Hawk, a corporate entity that Muho owns and controls, was

formed under the laws of the State of Delaware on April 29, 2013.  (Apr. 4, 2014 Tr. Order at 7-

8; Saunders Aff. ¶ 10, Exhibit F; March 25, 2014 Harvey Dec. ¶ 3, Exhibit A.)  It is registered as

a *foreign* corporation with the New York Department of State, but maintains no office or

employees and conducts no business in the State.  (Apr. 4, 2014 Tr. Order at 8; March 25, 2014

Harvey Dec. ¶ 4, Exhibit  B.)  Muho's own court filings confirm this Court's finding.  On July 25,

2013, Muho filed a complaint in the United States District Court for the Northern District of

California on behalf of Leveraged Hawk, in which he stated that Leveraged Hawk "is located at

Suit[e] 100 at 1679 S. DuPont Hwy. in the City of Dover in the State of Delaware."  (March 25,

2014 Harvey Dec., ¶ 5, Exhibit C.)  The complaint was dismissed *sua sponte* on August 9, 2013

on the grounds that Muho was not an attorney licensed to practice law in the Northern District of

2

California and could not represent Leveraged Hawk *pro se*. (March 25, 2014 Harvey Dec. ¶ 6,

Exhibit D.)

On September 20, 2013, Plaintiffs e-mailed a letter to Muho at

*gm@gmcapitalmanagement.com* demanding return of the $2,067,377.24 stolen from

Soundview's account. (March 25, 2014 Harvey Dec., ¶¶ 7-8, Exhibits. E, F.)  Muho, without

responding to the merits of Plaintiffs' letter, responded by e-mail the following day, requesting

that *all future correspondence be sent to the aforementioned e-mail address*. (March 25, 2014

Harvey Dec. ¶ 9, Exhibit G.)

Obtaining no agreement by Muho to replace the stolen funds, Plaintiffs initiated

the present action by filing a Summons and Complaint.  Defendant Leveraged Hawk was served

on October 1, 2013 by personally delivering a copy to Registered Agent Solutions, Inc., an

authorized agent.  (Proof of Service [Dkt. No. 2.])  Defendant Gerti Muho was served on October

2, 2013, by personally delivering a copy of the Summons and Complaint to a person of suitable

age and discretion residing in Muho's usual place of abode located at 6031 Grove Street,

Ridgewood, New York.  (Proof of Service [Dkt. No. 2.])   Muho had previously provided the

Ridgewood address as his residence during the course of his employment with the Plaintiffs.

(March 25, 2014 Harvey Dec. ¶ 10.)  Muho has also represented to government agencies that he

resides at the Ridgewood address.  (Aug. 20, 2014 Harvey Dec. ¶ 2, Exhibit A.)  He maintains a

telephone line at the address, and his credit card records reflect purchases made in Ridgewood,

New York throughout 2013.  (Aug. 20, 2014 Harvey Dec. ¶¶ 3-4, Exhibits B-C.)

Plaintiffs next sought a Temporary Restraining Order freezing Defendants' assets

which was ordered by this Court on October 16, 2013.  Defendants were provided with notice of

the Order to Show Cause hearing on October 17 (Leveraged Hawk) and October 18 (Muho). (*See*

Proof of Service [Dkt. No. 12].)  After a hearing held on October 22, 2013, at which Defendants

Muho and Leveraged Hawk failed to attend, this Court extended the freeze order and approved

an order of attachment, as well as expedited discovery. (Oct. 22, 2013 Tr. Order at 7.)

Defendants failed to answer the Complaint, and on January 27, 2014 -- well after

the time for answering expired -- Plaintiffs filed an Order to Show Cause seeking a default

judgment. [Dkt. No. 20.]  This filing prompted Muho to participate directly in this case.  On

February 28, 2014, Muho filed an "Emergency Motion to Dissolve Temporary Restraining

Order," ("Emergency Motion") which also sought to dismiss the action for insufficient service of

process.  (Emergency Motion at 17-18 [Dkt. No. 24].)  The same day this Court denied that

Motion *sua sponte* as frivolous. [Dkt. No. 26.]  On March 8, 2014, Muho filed a "Motion to

Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed .R. Civ. Pro 12(B)1" ("Motion

to Dismiss" or "MTD").  Notably, unlike his prior motion, Muho's new motion did *not* seek

dismissal of the action due to insufficiency of service. [*See* Dkt. No. 32.]  On April 5, 2014

Muho appeared before this Court.  After affording Muho the opportunity to make his arguments

and comments on the record, this Court denied Muho's Motion to Dismiss and issued an Order

decreeing a default judgment in the case. [Dkt. Nos. 37, 38.]  Muho did not appeal that Order,

and his time to appeal has expired.

Earlier this month, on August 6, 2014, Muho appeared before United States

Bankruptcy Judge Robert E. Gerber in *The Matter of Soundview Elite Ltd.* currently pending

before the United States Bankruptcy Court for the Southern District of New York.  In response to

Judge Gerber's question regarding whether there was dispute that Muho took the $2 Million,

Muho stated that "[i]t is absolutely not disputed that I transferred two million dollars from

Soundview Elite at the time . . . to Leveraged Hawk." (Aug. 20, 2014 Harvey Dec., Exhibit E at 15.)

Despite the entry of final judgment in this case, and the failure to appeal the Court's judgment, Muho has filed a last-ditch effort to preserve the proceeds of his theft by filing the present Motion to Vacate.

ARGUMENT

**I.     MUHO HAS FAILED TO MEET HIS BURDEN OF DEMONSTRATING VALID GROUNDS FOR VACATING THE DEFAULT JUDGMENT, RELYING INSTEAD ON ARGUMENTS THIS COURT HAS ALREADY REJECTED AND THAT HAVE BEEN WAIVED.**

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party of default judgment due to "mistake, inadvertence, surprise or excusable neglect," "newly discovered evidence," "fraud," where "the judgment is void" and "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1)-(6). Vacatur of a default judgment pursuant to Rule 60(b) constitutes "extraordinary relief" that "is only invoked upon a showing of exceptional circumstances." *Cent. Vt. PSC v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003). Moreover, a district court judgment is void for jurisdictional error "'only when the court plainly usurped jurisdiction . . . i.e., when there is a total want of jurisdiction and no arguable basis on which the district court could have rested a finding that it had jurisdiction." *Sanchez v. MTV Networks*, 2013 U.S. App. Lexis 9226 at *6 (2d Cir. May 7, 2013) (internal brackets and quotation marks omitted). The defaulting party bears the burden of establishing a basis for vacating the judgment. *Aetna Life Ins. Co. v. Licht*, 2004 U.S. Dist. LEXIS 21538, at*12 (S.D.N.Y. Oct. 25, 2004) In doing so, the defaulting party may not rely on arguments previously raised and rejected. *See Robinson v. Sanctuary Record Groups, Ltd.*, 249 F.R.D. 144, 146 (S.D.N.Y. 2008) (denying motion to vacate default judgment where the defendant asserted the

5

same arguments previously raised and rejected in earlier stages of the litigation); *Marine Corp Cargo v. Raymur Corp*, 1998 U.S. Dist. LEXIS 16298, at \*6 (E.D.N.Y. Aug. 31, 1998) (denying the defendant's motion to vacate default judgment where the papers submitted in support of the motion "reiterated numerous arguments that had been previously been rejected.")

As detailed below, Muho has failed to demonstrate any valid ground for vacating the judgment entered against him in this action. Muho had his day in Court. He appeared in person to argue his point of view, his arguments were analyzed and rejected by this Court, and he failed to appeal. *See Cent. Vt. PSC*, 341 F.3d at 190 ("Because final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal.") Muho's Motion should be denied.[1]

**A.      This Court has Previously Determined That It Has Subject Matter Jurisdiction Because There is Complete Diversity of Citizenship Amongst the Parties.**

Muho previously argued lack of subject matter jurisdiction in connection with his Motion to Dismiss, which this Court denied outright upon review of the record. Specifically, the Court found that there was complete diversity of jurisdiction within the meaning of Title 28, United States Code, Section 1332 at the time the complaint in this action was filed. (Apr. 4, 2014 Tr. Order at 6-9; *see also* MTD Opp. Br. at 5-9.) Plaintiffs are foreign citizens incorporated in the Cayman Islands at the time of the Complaint (*see* MTD Opp. Br. at 5.) Leveraged Hawk and Muho are citizens of Delaware and Florida, respectively. (*See* Apr. 4,

---

[1] As fully briefed in Plaintiffs' opposition brief in response to Defendants' motion to dismiss (*see* MTD Opp. Br. at 4), Muho cannot represent Leveraged Hawk in connection with the pending motion. A district court may not grant a motion of a corporate party without representation by a duly licensed attorney. *See, e.g., Dow Chem. Pac., Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986). Here, Leveraged Hawk has never had counsel appear on its behalf in this litigation and Muho, a non-attorney, attempts to represent Leveraged Hawk *pro se*. This alone should result in denial of the motion.

2014 Tr. Order at 6-9; MTD Opp. Br. at 6-7.)[2]  Muho was present for that hearing.  He never

appealed the Order entered by this Court.  The judgment is final since the time to appeal expired

in May 2014 (*See* Fed. R. App. P. 4(a)(1)(A)).

Muho's Motion to Vacate provides nothing new for this Court to consider.  Under

the law of the case doctrine, this Court should refuse to reconsider matters already resolved in

the course of a single lawsuit.  *Robinson*, 249 F.R.D. at 146.  Muho's regurgitated argument,

which has already been considered and rejected by this Court, certainly provides no basis for the

drastic remedy of a vacatur of the final judgment under Rule 60(b)(1)-(6).  *See Cent. Vt. PSC*,

341 F.3d at 190.

**B.**     **Muho Waived a Claim to Improper Service By Failing to Raise It in His Motion to Dismiss, and Regardless, the Claim is Without Merit.**

The defenses of lack of personal jurisdiction and improper service of process are

waived unless raised in a responsive pleading or in a pre-answer motion to dismiss under Federal

Rule of Civil Procedure 12(b). Fed. R. Civ. P. 12(h)(1);  *City of New York v. Mickalis Pawn*

*Shop, LLC*, 645 F.3d 114, 135 (2d Cir. 2011) (affirming district court judgment denying motion

to vacate default judgment upon finding that the defendant waived its personal jurisdiction

defense); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998);

*United States v. Pelt*, 2013 U.S. Dist. LEXIS 38743, at \*10 (E.D.N.Y. Mar. 18, 2013) (declining

---

[2] Whether Leveraged Hawk is a New York Corporation for purposes of establishing diversity is the central issue in the Motion to Vacate, as it was in the prior motion to dismiss, which was already evaluated and rejected by this Court.  Specifically, while Leveraged Hawk is registered to do business in New York, its records reveal that it is registered as a *foreign business corporation*.  (*See* Apr. 4, 2014 Tr. Order at 8; MTD Opp. Br. at 7; March 25, 2014 Harvey Dec. ¶ 4, Exhibit B.)  Further, this Court already analyzed the SEC Form D that Muho references in and attaches to his Motion to Vacate (MTV Br. at 3, Exhibit C) and determined that while it listed Muho's abandoned apartment at 20 Exchange Place, 4504, New York, New York 1005 as Leveraged Hawk's address, the evidence was clear that Leveraged Hawk's principal place of business was not New York at the time the complaint was filed in September 2013, as Muho, who was sole employee of Leveraged Hawk, had not resided in that apartment since June of 2013.

to reach the merits of the *pro se* defendant's argument that she was not properly served where the defendant failed to assert the defense  of lack of personal jurisdiction in her responsive pleading).

Muho failed to raise a claim that he was improperly served with the Summons and Complaint at the commencement of the action when he filed his Motion to Dismiss on March 8, 2014 and, therefore, waived the defense.  Muho also appeared at oral argument for the motion and never raised any service issues.[3]  Muho is estopped from raising a sufficiency of service issue now because (1) in filing the Motion to Dismiss Muho has subjected himself to this Court's jurisdiction, and (2) by failing to include any argument therein regarding sufficiency of service, such argument is waived.  *See* Fed. R. Civ. P. 12(h)(1).

Even if the Court were to consider Muho's waived argument, it fails because service in this case was proper.  Where, as here, the defendant had actual notice of the proceedings,[4] it is the defendant's burden to establish that service was improper. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) ("[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur.").

The Complaint was properly served upon Muho on October 2, 2013, pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure, by leaving a copy of the Summons and Complaint at Muho's dwelling house or usual place of abode, located at 6031 Grove Street,

---

[3] The choice not to pursue an allegation of lack of sufficient service of process in Muho's Motion to Dismiss appears to have been deliberate.  Muho did raise the issues in his February 28, 2013 Emergency Motion (see Emergency Motion at 17-18 [Dkt. No. 24]), but the Court dismissed the Motion as frivolous the same day and Muho did not re-assert the argument in his Motion to Dismiss filed less than two weeks later.  Given Muho's decision to abandon his service of process defense, a finding of waiver is especially warranted. *See Mickalis Pawn Shop, LLC*, 645 F.3d at 134 (holding that a defendant "forfeits its jurisdictional defense if it appears before a district court to press that defense but then willfully withdraws from the litigation and defaults" and affirming entry of default judgment).

[4] Muho's actual knowledge of the complaint in this action is confirmed by the multiple (futile) motions he filed in this Court attacking its sufficiency.

Ridgewood, New York 11385, with a person of suitable age and discretion who resides there. (*See* March 25, 2014 Harvey Decl. at 5, Exhibit A.)  For purposes of effecting proper service under Rule 4(e), it is irrelevant that Muho was domiciled in Florida as a person may have multiple dwelling places or usual places of abode. *See Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257-258 (2d Cir. 1991).  Rather, the question when considering a motion to vacate a default judgment on grounds of improper service is whether the location of service had "sufficient indicia of permanence" to "insure that service is reasonably calculated to provide a defendant with actual notice of the action." *See e.g.*, *Jaffe & Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994).

Under that standard, service at the Ridgewood address was clearly proper.  Publicly available phone listings indicate that Muho presently maintains a telephone line at that address.  *See Howard Johnson Int'l, Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998) (finding sufficient indicia of permanence where phone books listed the defendant's home address as the location of service) (Aug. 20, 2014 Harvey Dec. ¶3, Ex B.)  Moreover, Muho's American Express records reflect numerous drug store purchases made in Ridgewood, New York, during 2013, thereby indicating that he stays at the Grove Street address; and Muho represented to both Plaintiffs and the U.S. Department of Education Direct Loans Servicing Center alike that he lived at the Ridgewood address.  *See Jaffe & Asher*, 158 F.R.D. at 280 (finding sufficient indicia of permanence even though the defendant "was not actually staying at [the location] when service of the summons and complaint was made" where the defendant stayed at the subject address when in the New York area, maintained a phone line and received mail at that address, and "represented to [the plaintiff] and others" that the address was his residence.); *Nat'l Dev. Co.*, 930 F.2d at 258 (finding sufficient indicia of permanence where, among other things, the

Defendant listed the subject apartment as one of his residences in a bail application.) (Aug. 20, 2014 Harvey Dec. ¶¶2, 4-5, Exhibits A, C, D.)

In addition, even if there was question as to Muho's place of abode, courts have recognized that vacating a default judgment on grounds of improper service is particularly unwarranted where the defendant is responsible for any confusion as to where service should be made. *See Howard Johnson Int'l, Inc.*, 7 F. Supp. 2d at 340.  (observing that the defendant was responsible for the confusion "through his use of several different addresses for various purposes," and that "[t]hese addresses, and their multiple uses, appear to shift at [the defendant's] convenience without explanation or notice.") Muho has sown significant confusion as to his whereabouts since 2012, alternating between at least three addresses in New York, two addresses in California and one address in Florida and citing each of these addresses as residences and places of business. (*See* MTD Opp. at 8; March 25, 2014 Harvey Dec., ¶¶ 5, 8, Exhibits C, F.)  Under the circumstances, no vacating of the judgment is warranted.[5]

C.      **Muho's Arguments Based Upon Allegations of Judicial Bias, Faulty Case Assignment and Insufficient Affidavits In Support of Plaintiff's Application for a Temporary Restraining Order Are Untimely and Frivolous.**

The remaining arguments in the Motion to Vacate – which largely focus on whether the assigned Judge in this matter had authority to properly resolve the dispute – are as frivolous as they are untimely.  Muho's allegations include no facts that were previously unknown or unavailable to him at the time he appeared in the case and submitted his Motion to Dismiss.  This Court should therefore reject Muho's arguments as untimely.  Even if the Court

---

[5] In addition, Muho's claim to have never "acknowledge service of process by mail" (Muho Br. at 5) is irrelevant because Muho was not served by mail but rather in person by a process server under the requirements of Federal Rule of Civil Procedure 4(e)(2).  The one Fourth Circuit legal support case cited by Muho, *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087 (4th Cir. 1984), is inapposite because it does not relate to personal service, the method  under which Muho was served.  Rather its holding pertains to a form of service by mail available under a former version of the Federal Rules which was supplanted many years before Muho was served in this case with an equally inapplicable waiver of service provision.

were to consider the merits of Muho's challenges, they all lack merit and fail to meet the motion

to vacate standards.  *See* Fed R. Civ. P. 60(b)(1)-(6).

It is well-settled law that "[r]ecusal motions are committed to the sound discretion

of the district court, and [the Second Circuit] will reverse a decision denying such a motion only

for abuse of discretion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007).  A movant

seeking recusal must establish "a factual basis and not . . . vague contentions," and the movant

bears the substantial burden of overcoming the presumption of impartiality to which the district

judge is entitled.  *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y.

1998).  Significantly, "[r]ecusal is required only if the events indicate that the judge has a deep-

seated favoritism or antagonism that would make fair judgment impossible." *United States v.*

*Ramirez*, 1998 U.S. App. LEXIS 30909, at *4 (2d Cir. Dec. 8, 1998) (internal quotations

omitted).  "A judge has an affirmative duty not to disqualify [her]self unnecessarily." *Thomas*,

30 F. Supp. 2d at 431.

Muho's recusal argument is premised upon the Court's alleged familial

relationship with certain parties in interest.  Yet Muho provides no evidentiary support for this

contention other than a 1982 New York Times wedding announcement (*see* MTV Br. at 7,

Exhibit H). Thus, the most that Muho can muster is an unsubstantiated assertion based "on

information and belief" that the Court's familial relation serves as a "co-director" with another

individual on "an investment board that has dealings with Plaintiff Soundview Elite Ltd., or

Alphonse 'Buddy' Fletcher."  (MTV Br. at 7.)  These are the quintessential "vague contentions"

that fail to meet the heavy burden required to overcome this Court's presumption of impartiality. *Thomas*, 30 F. Supp. 2d at 431.[6]

Further, Muho's claim that Judge Torres was never assigned to the case is ludicrous. (*See* MTV Br. at 2.)  Contrary to Muho's allegations, Judge Torres was the Article III judge assigned at the inception of this case according to the district court's random selection process, and has always presided over the matter.  Indeed, the Civil Cover Sheet served on Muho and Leveraged Hawk by Plaintiffs was stamped "Judge Torres" by the Court clerk, as were the Summons and Complaint served on Defendants. (Aug. 20, 2014 Harvey Dec. ¶ 8, Exhibits F-H.)[7]

Finally, Muho's claim that Plaintiffs failed to sufficiently meet the requirements of Federal Rule of Civil Procedure 65(b)(1)(a) in seeking an ex-parte temporary restraining order ("TRO") is also without merit.  Muho provides no legal support for the baseless allegation other than a misreading of the plain language of the Rule.  (*See* MTV Br. at 5-7).  The cited Rule requires "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed R. Civ. P. 65(b)(1)(a).  Plaintiffs complied with that Rule by submitting three affidavits that provide factual knowledge and beliefs in support for the

---

[6] Similarly, Muho's allegations that Judge Torres's past employment at Plaintiffs' law firm should result in disqualification, recusal, or vacatur of the Default Judgment is meritless.  A mere prior professional relationship between judge and plaintiffs' firm does not require disqualification.   1-4 *Judicial Conduct and Ethics* § 4.14(2) (2013).

[7] Plaintiffs" affidavit of service filed in this court on October 2, 2013 reflects a copy of the served Summons with "Judge Torres" stamped on it. [Dkt. No. 2.]  And at the risk of stating the obvious, even if there was a clerical error made by the court clerk in failing to stamp a copy of the Civil Cover Sheet, it would have no effect on the case assignment which was accurately conducted pursuant to Rule 5 of the Southern District Local Rules for the Division of Business Among District Judges.  The Cover Sheet is an internal court document assisting the Court with identifying facts including the type of action and whether the case is related to others, but it has no basis in the foundation of case assignment.  (*See* Southern District of New York Civil Cover Sheet Form, available at http://www.nysd.uscourts.gov/file/forms/civil-cover-sheet (stating that the Civil Cover Sheet does not "replace nor supplement the filing and service of pleadings" and is used by the court "for the purpose of initiating the civil docket sheet."))

12

emergency motion presented in Plaintiffs' memorandum of law.  In deciding to issue the TRO,

the Court addressed Plaintiffs' TRO application for adequacy as well as merit.  Nothing further is

required.[8]

## CONCLUSION

Having admitted to stealing over $2 million which he used to finance lavish

spending sprees, Muho now, running out of funds, rehashes old arguments already made and

alleges new meritless claims that Muho failed to argue during the litigation.  Muho has wasted

enough of this Court's time with frivolous motions.  His motion is both contrary to the law of the

case and is otherwise waived.  The motion should be denied.


DATED: August 20, 2014

By: /s/ Peter C. Harvey
    Peter C. Harvey
    PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
    New York, New York 10036
    Phone:  (212) 336-2000
    Fax:  (212) 336-2222

    *Attorneys for Plaintiffs Soundview Elite LTD.,*
    *and Vanquish Fund Ltd.*

---

[8] Muho claims that the papers filed in connection with the TRO violated his due process, but his argument is misplaced and misrepresents the factual record.  The TRO which froze Muho's funds began on October 16, 2013 and ended on October 22, 2013.  Muho has not indicated what harm came to him during that week as a result of the freeze.  Further, contrary to Muho's recitation of the facts (MTV Br. at 7), the attachment order did not issue until October 25, 2013 after the hearing for the Preliminary Injunction.  [Dkt. Nos. 4, 14].  Muho was given adequate notice well in advance of the hearing and still failed to appear or otherwise challenge the injunction extending the freeze order or issuance of the attachment order prior to their issuance.